UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| MARIO T. BARDLETTE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 2:20-cv-00028-JPH-DLP ) |
| KEITH MCDONALD, et al. | ) ) |
| Defendants. | ) |

**Order Screening the Complaint
and Directing Service of Process**

Plaintiff Mario Bardlette, an inmate at the Wabash Valley Correctional Facility (WVCF), brings this action pursuant to 42 U.S.C. § 1983 alleging that his First and Eighth Amendment rights have been violated. Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen the complaint before service on the defendants.

**I. Screening Standard**

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint, or any portion of the complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

**II. The Complaint**

On January 22, 2020, Bardlette filed a complaint against defendants Keith McDonald and Officer Harrington. The Court construes the complaint as naming these defendants in their individual capacities. Bardlette seeks injunctive relief and compensatory and punitive damages.

1

On July 15, 2018, Bardlette was housed in solitary confinement in the WVCF Special Housing Unit. When Officer Harrington walked by his cell that day, Bardlette asked Officer Harrington whether he had a girlfriend. Officer Harrington said he did and began boasting about his sexual exploits. Officer Harrington returned to Bardlette's cell a few moments later, unzipped his pants, and asked Bardlette, "Wanna see the pussy juice on my cock? Wanna suck it off?" Bardlette told Officer Harrington to get away from his cell and that he does not engage in homosexual activity. Officer Harrington told Bardlette, "Well I do." Bardlette again told Officer Harrington to get away from his cell, and Officer Harrington left.

Bardlette filed an administrative grievance against Officer Harrington for sexual harassment and indecent exposure. A few days later, Bardlette was handcuffed, put on a leash, and taken to a room where he was interviewed by Officer McDonald. After discussing the incident involving Officer Harrington, Officer McDonald told Bardlette in an intimidating tone, "You're gonna get rid of this write-up." When Bardlette refused, Officer McDonald walked behind him, grabbed the leash, and wrapped it around Bardlette's neck. He then warned Bardlette, "You're gonna forget about this entire incident if you ever want to see general population again. We can make your life a living hell back here, or you can go to general population in a month or so . . . What's it going to be?" Believing he had no choice, Bardlette reluctantly agreed to Officer McDonald's terms and withdrew the grievance against Officer Harrington.

### III. Discussion

This action is brought pursuant to 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state

law. *West v. Atkins*, 487 U.S. 42, 48 (1988). "[T]he first step in any [§ 1983] claim is to identify the specific constitutional right infringed." *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

The Eighth Amendment protects prisoners from excessive physical force amounting to cruel and unusual punishment. *Wilkins v. Gaddy*, 559 U.S. 34 (2010). Sexual harassment by prison guards that causes psychological or emotional trauma may also be actionable as cruel and unusual punishment under the Eighth Amendment. *Beal v. Foster*, 803 F.3d 356, 357-58 (7th Cir. 2015). The First Amendment protects prisoners from retaliatory actions that are likely to deter them from using the prison's grievance process. *Bridges v. Gilbert*, 557 F.3d 541, 553 (7th Cir. 2009).

Based on the screening standard set forth above, Bardlette's Eighth Amendment harassment claim **shall proceed** against Officer Harrington. His Eighth Amendment excessive force and First Amendment retaliation claims **shall proceed** against Officer McDonald.

## IV. Summary and Service of Process

Bardlette's Eighth Amendment harassment claim **shall proceed** against Officer Harrington, and his Eighth Amendment excessive force and First Amendment retaliation claims **shall proceed** against Keith McDonald. If Bardlette believes he has alleged claims that were not discussed in this Order, he shall have **through June 12, 2020**, to notify the Court.

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to defendants Officer Harrington and Keith McDonald in the manner specified by Rule 4(d). Process shall consist of the complaint, dkt. [1], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

**SO ORDERED**.

Date: 5/14/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

MARIO T. BARDLETTE
120178
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838

Electronic Service to the following IDOC defendants at Wabash Valley Correctional Facility:

    Officer Harrington
    Keith McDonald