UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| MARIO T. BARDLETTE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:20-cv-00028-JPH-MG |
| | ) |
| KEITH MCDONALD, et al. | ) |
| | ) |
| Defendants. | ) |

**ORDER DENYING MOTION TO SUBSTITUTE PARTY**

Plaintiff Mario Bardlette brought this 42 U.S.C. § 1983 action in January 2020 against defendants Keith McDonald and Officer Harrington. Dkt. 1 at 2. Defense counsel later filed a notice of death indicating that Officer Harrington died on October 20, 2018. Dkt. 23; dkt. 23-1. Mr. Bardlette then filed a motion to substitute party. Dkt. 25. But because Officer Harrington died before Mr. Bardlette brought suit, the motion to substitute party, dkt. [26], must be **DENIED**.

The Federal Rules of Civil Procedure provide that "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party." Fed. R. Civ. P. 25(a)(1). But the rules "conspicuously fail to cover situations ... in which the death occurs before suit is even filed." *House v. Mitra QSR KNE LLC*, 796 F. App'x 783, 790 (4th Cir. 2019); *see Mizukami v. Buras*, 419 F.2d 1319, 1320 (5th Cir. 1969) (per curiam) (noting that Rule 25 "contemplates substitution for someone who had been made a party before his death"); *cf. Esposito v. United States*, 368 F.3d 1271, 1277 (10th Cir. 2004) (suggesting that substitution for a deceased defendant may be made only if the defendant died while the action was pending). In short, Rule 25(a)(1) does not allow for substitution of a defendant's estate if the defendant was not alive when the suit was brought. *See Name v. GEO Group, Inc.*, No. 2:19-cv-00360-JPH-DLP, dkt. 66 (S.D. Ind. June

2, 2020) (denying motion to substitute because deceased defendant "was never a properly named party").

But even if Rule 25 allowed for substitution, the Court would deny Mr. Bardlette's motion. *See* Fed. R. Civ. P. 25(a) (providing that the Court "may" order substitution). Under Indiana law, Mr. Bardlette may not reach the assets of Officer Harrington's estate.[1] Ind. Code § 29-1-14-1(d) (barring all claims against a decedent's estate "if not filed within nine (9) months after the death of the decedent"); *Indiana Farmers Mut. Ins. Co. v. Richie*, 707 N.E.2d 992, 995 (Ind. 1999) ("The statute makes clear that the administration of the estate cannot be disturbed by a Johnny-come-lately tort suit because such a suit cannot reach the assets of the estate."). And Mr. Bardlette does not suggest that any other potential party would be obligated to pay damages for which Officer Harrington was liable.[2] Substitution would therefore be futile.

Mr. Bardlette's motion to substitute party, dkt. [26], is **DENIED**. The **clerk is directed** to terminate Officer Harrington as a defendant on the docket.

**SO ORDERED.**

Date: 6/28/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

---

[1] The Court has not found that such an estate exists, and Mr. Bardlette has not asked to open one.

[2] If Mr. Bardlette had filed suit while Officer Harrington was living, Officer Harrington would or could have been "subject to personal civil liability," which would have triggered the State of Indiana's obligation to indemnify him. Ind. Code § 34-13-4-1.

Distribution:

MARIO T. BARDLETTE
120178
BRANCHVILLE - CF
BRANCHVILLE CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Melissa A. Macchia
TAFT STETTINIUS & HOLLISTER LLP (Indianapolis)
mmacchia@taftlaw.com

Adrienne Nicole Pope
INDIANA ATTORNEY GENERAL
adrienne.pope@atg.in.gov